JOSEPH F. HILL, EXECUTOR, RESPONDENT, *v.* JOHN HEERMANS, APPELLANT.

*Code of Civil Procedure*, § 829—*what not a personal transaction or communication within—Inferences to be drawn from ambiguous facts should be left to the jury.*

APPEAL by the defendant from a judgment entered upon a verdict at the Steuben Circuit Court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried. The action was brought to recover the possession of two town bonds, alleged to belong to the original plaintiff, the present plaintiff's testator. The defendant claimed to own them as the assignee of one Joseph Fellows. The plaintiff claimed that he had acquired title to the bonds from one Rodburn, and deposited them for safe keeping with Fellows, who had thereafter inserted his name in a blank left for that purpose, and that they had thereafter come into the defendant's possession. The case has been before the General Term, on an appeal from a former trial, and is reported in 17 Hun, 470, to which reference is made for a full statement of the facts.

The court, at General Term, said: "The court below submitted to the jury two leading questions, viz.: First. Did Hill purchase the two bonds for himself, or for Fellows? Second. If he purchased them for himself, did he ever transfer them to Fellows, or consent to such transfer? We think the court committed no error in refus-

ing to *pass* upon these two questions, and in holding that upon the whole evidence they belonged to the province of the jury. When the defendant found the bonds, the blank which had existed for the name of the owner had been filled in by an insertion, in the handwriting of Fellows, of the words 'Joseph Fellows,' thus giving rise to the reasonable inference that they were the property of the defendant as assignee of Fellows.

"To overcome that presumption, the antecedent ownership of the bonds by Rodburn, his negotiation and arrangement with Hill, his delivery of them to Hill, the placing the bonds in the custody of Hill, and his leaving them stored where he left them, and other circumstances, were all received, and were competent upon the question of ownership in fact. The kind of ink and the handwriting used to fill in the blank were also circumstances for the jury to consider in determining the question of ownership of the bonds. If the ownership of the bonds remained with Hill, then the name of Fellows in the indorsement must have been inserted by mistake or fraud. It was not claimed to have been fraudulently inserted. It became a question of fact for the jury, under all the circumstances, to determine whether the insertion of Fellows' name was a mistake or a rightful act of ownership. If the title never was transferred by Hill in fact, if he never consented in any manner to the insertion, then the ownership, if he originally acquired it by the negotiation with Rodburn, remained in Hill. It is argued that the court committed an error in allowing the following questions to be answered by Hill, viz.:

"*Question.* At the time you left these bonds in the safe, was the name of Mr. Fellows in either of these indorsements? *Answer.* No, sir; it was not. *Question.* Was the name of Joseph Fellows anywhere on these instruments at that time? *Answer.* No, sir.

"We do not think any error was committed in receiving the evidence. The physical condition of the bond thus described was wholly independent of a personal transaction or communication between the witness and the deceased person. Section 829 of the Code of Civil Procedure was not violated.'

"It is claimed by the appellant that the court should have granted the motion for a nonsuit, on the ground that the evidence

did not show any title to the bonds in the plaintiff. We think that the court was right in submitting to the jury the questions of fact, and instructing them to draw the proper inference and conclusions from the evidence. It was a case where conflicting constructions or meanings might be fairly given to the language employed, and the facts and circumstances proven, and it was not, therefore, proper for the court to determine the question as a matter of law. (*People* ex rel. *Akin* v. *Hughitt*, 55 N. Y., 678.)"

*Brown & Hadden*, for the appellant.

*Geo. B. Bradley*, for the respondent.

Opinion by Hardin, J.; Talcott, P. J., concurred; Smith, J., not sitting.

Judgment and order affirmed.